IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAY LUCKY WILLIAMS, #252801<br>Plaintiff | * | |
| v. | * | CIVIL ACTION NO. WDQ-07-178 |
| HOWARD RAY<br>WILLIAM O. FILBERT | * | |
| DANNY MCCOY<br>NAOMI B. WILLIAMS | * | |
| GARY D. MAYNARD<br>NATHANIEL COLEY | * | |
| RON JONES<br>LATRICIA TAYLOR | * | |
| OFFICER COOPER | * | |
| Defendants. | | |

*****

**MEMORANDUM**

Plaintiff filed this Complaint and Amended Complaint attacking various aspects of his confinement at the Baltimore City Detention Center ("BCDC").[1] Plaintiff's claims go to alleged: (1) due process violations associated with his December, 2006 disciplinary review; (2) discrimination associated with his removal from his BCDC position on the Inmate Council due to a disciplinary infraction; (3) failures to protect him from other inmates by (i) divulging statements in his Resident Grievance Complaint to other inmates and (ii) calling him a "snitch" in the presence of other inmates; (4) failures to respond to his grievances; (5) retaliation for the filing of this action (job removal, denial of access to the law library, and failure to reinstate unspecified privileges); and (6) "sporadic" meal deprivations. Paper Nos. 1 & 9.

---

[1] According to the record, Plaintiff is a pretrial detainee committed to the custody of Commissioner Ray and incarcerated at BCDC, which is operated by the Division of Pretrial Services, a unit of the Maryland Department of Public Safety and Correctional Services. *See* Md. Code. Ann., Corr. Servs. § 5-201(a). He is currently awaiting trial without bail on numerous charges, including first-degree murder.

On August 31, 2007, Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.[2] Paper No. 26. Plaintiff has filed his Opposition. Paper No. 30. The case is ready for consideration. Oral hearing is not required. *See* Local Rule 105.6. (D. Md. 2004). For reasons to follow, Defendants' dispositive motion, treated as a motion for summary judgment, shall be granted in part. Each allegation shall be examined seriatim.

## Disciplinary Review Process

On December 23, 2006, BCDC staff served a notice of infraction on Plaintiff citing him with violating Rule 405 (disrespect).[3] The notice was reviewed and a formal hearing ordered. Plaintiff did not request representation at the hearing, but did request several inmates to appear as witnesses on his behalf. Defendant Taylor, an adjustment hearing officer ("AHO"), affirms by declaration that she reviewed the Rule 405 infraction, concluded that informal disposition was appropriate, and offered Plaintiff an informal disposition involving suspension of 10 days of telephone privileges. Warden Filbert affirmed this disposition on January 24, 2007. AHO Taylor states that the offer was communicated to correctional staff who she understood would in turn present the offer to Plaintiff for acceptance or rejection. Taylor maintains that as Williams was not brought before her for formal disposition she assumed he had accepted the informal disposition. It was not until the filing of this lawsuit that she was informed otherwise.

Under the Due Process Clause prisoners are to be afforded certain procedural protections within the scope of the disciplinary process. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)

---

[2] On August 1, 2007, Plaintiff filed a Motion for Entry of Default for the failure to file an answer or defense. Paper No. 23. The Motion shall be denied because Defendants were not in default of federal rule pleading requirements.

[3] The notice of infraction stated that when Plaintiff was informed by Correctional Officer Scriber that he could not use the telephone due to a lock-down, Plaintiff asked for a supervisor, came back with other prisoners who questioned why the telephones could not be used, and became irate and verbally abusive towards Scriber.

(advance written notice of the charges, written findings, and generally, the right to call witnesses). Plaintiff claims that he was sanctioned by means of a hearing conducted in absentia. The record shows, however, that this did not occur. Plaintiff was sanctioned through an offer of an informal disposition of the charge, which Defendant Taylor mistakenly believed Plaintiff had accepted. Further, the issue regarding the failure to notify Plaintiff of the informal disposition offer and the imposition of same was resolved in Plaintiff's favor. A rehearing was ordered and the Rule 405 charge disposed of informally with no sanction. No constitutional deprivation has occurred.[4]

### Removal from Job

Plaintiff levels a claim of discrimination regarding his removal from the Inmate Council. The record shows that on the date of the Rule 405 infraction Correctional Officer Scriber requested that Plaintiff be removed from his job as Secretary of the Inmate Council due to his "yelling at [an] officer in a threatening manner because he was [on the Inmate Council.]" The request was approved by Captain Quickley and Plaintiff was removed from his job and transferred to a non-working housing section. Plaintiff availed himself of the BCDC grievance process with regard to his job removal, but abandoned his claim after receiving an unfavorable disposition.

Plaintiff's claim of discrimination represents a bald assertion and is not supported by the evidence. He was removed from the Inmate Council because of the December 23, 2006 incident involving his verbal interactions with Scriber concerning use of a telephone. Further, the removal from this job does not implicate a due process liberty interest. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court sought to focus attention on the nature of the deprivation, stating that a liberty interest may be created when state action imposes an "atypical and significant hardship on

---

[4] Plaintiff claims that while he was provided a re-hearing, his "amenities," *i.e.*, telephone privileges, housing, and Inmate Council job were not restored to him. For reasons set out in this opinion, the Court finds no violation of a cognizable constitutional right.

the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U. S. at 484. Following the reasoning of the Supreme Court in *Sandin*, it appears that no liberty interest is implicated in a decision relating to prison job assignments.[5]  *See Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir. 1996); *Frazier v. Coughlin*, 81 F.3d 313 (2$^d$ Cir. 1996) (per curiam); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995). Plaintiff's removal from his job as Secretary of the Inmate Council did not constitute a dramatic departure from, or atypical event in, the ordinary day-to-day incidents of prison life.[6]

### Failure to Respond to Grievances

Plaintiff filed grievances pursuant to the BCDC remedy process. First, he filed a grievance with regard to the disposition of the Rule 405 charge. Second he filed a remedy relating to his removal from his job with the Inmate Council and alleged inappropriate behavior by BCDC staff. His grievances were consolidated and heard on March 29, 2007. His grievance regarding the loss of his Inmate Council job and the circumstances behind the removal was denied, but the grievance committee recommended that the Rule 405 infraction be re-heard for a hearing with another adjustment hearing officer. Plaintiff did not pursue these grievances any further. As previously noted, a new disciplinary hearing occurred on April 2, 2007, with the hearing officer reducing the infraction to an incident report with no sanction.

---

[5] Prior to *Sandin*, this Circuit found that inmates did not have a constitutionally protected right to an institutional job or to remain in a particular job once assigned. *See Altizer v. Paderick*, 569 F. 2d 812, 815 (4th Cir. 1978); *Bowring v. Godwin*, 551 F.2d 44, 48 n. 2 (4th Cir. 1977); *see also Awalt v. Whalen*, 809 F. Supp. 414, 416-17 (E.D. Va. 1992).

[6] Defendants note that on April 10, 2007, the Inmate Council met to vote on whether to accept Plaintiff and another inmate for the Inmate Council Executive Board and unanimously voted to reject his name. Plaintiff claims, however, that this information is of no relevance as Defendant Coley is the "overseer" and immediate supervisor to the Inmate Council and Executive Board.

The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Therefore, under the law in this circuit, the grievance process established for BCDC prisoners does not implicate a Fourteenth Amendment due process right.[7]

## Retaliation

Plaintiff claims that Defendants Coley, Cooper and Jones retaliated against him by prohibiting him from working, denying him access to the law library, and failing to reinstate unspecified privileges for the filing of grievances and formal complaints.

Retaliation against an inmate for the exercise of a constitutional right states a claim under 42 U.S.C. § 1983. *See American Civ. Liberties Union v. Wicomico County*, 999 F. 2d 780, 784-86 (4th Cir. 1993). The inmate alleging retaliation "[b]ears the burden of showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantial motivating fact in the prison officials' decision...." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'" *Gill v. Mooney*, 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim).

Plaintiff's retaliation claims are without merit. First, the allegations are conclusory in nature. There is no showing that any classification decision with regard to his job or privileges resulted from reprisal for his filing grievances or complaints. Second, the alleged retaliation does not implicate Plaintiff's constitutional rights as he has no constitutional right to an institutional job.

---

[7] Further, Plaintiff's Complaint fails to allege that any deficiencies and improper acts associated with the ARP process have or will cause him injury, *e.g.,* his inability to file federal or state complaints.

Further he does not identify the privileges taken or show he has a right to same. Finally, assuming that Plaintiff was not allowed access to the law library, he has failed to demonstrate how the denial of access caused him injury.[8]

### Failure to Protect

Plaintiff claims that within the body of his Resident Grievance Complaint he complained that other inmates had not been removed from the Inmate Council despite their adjustment history. He complains that in divulging the contents of his grievance to other prisoners, Defendant Coley placed his life in danger as he was labeled a snitch, threatened, deprived of meals, and intimidated by numerous gang members in his housing area.[9] Plaintiff also complains that Defendant Cooper repeatedly called him a snitch in the presence of other BCDC inmates, subjecting him to threats and physical assaults by gang members.

Plaintiff seemingly seeks to implicate Secretary Maynard, Commissioner Ray, Warden Filbert, and Assistant Wardens McCoy and Williams for the "wilful and malicious conduct" of Coley and Cooper. The doctrine of *respondeat superior* does not, however, apply in § 1983 actions. *See Monell v. New York Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978). Plaintiff must therefore prove that Maynard, Ray, Filbert, McCoy, and Williams were personally involved in the alleged deprivations or that: (i) they had actual or constructive knowledge that staff were engaged in unconstitutional conduct; (ii) they tacitly authorized the conduct; and (iii) there was an affirmative causal link between their inaction and injury suffered by Plaintiff. *See Shaw v. Stroud*, 13 F.3d 191, 799 (4th Cir. 1994); *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984). He has failed to

---

[9] *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (access to courts denied when circumstances adversely effect a prisoner's ability to actively proceed with litigation).

[10] At no point does Plaintiff allege that the retaliatory punishment of denying him meals caused him injury.

provide concrete evidence showing that these administrators were on notice of Coley and Cooper's actions and allowed same.[10]

With regard to Plaintiff's direct failure-to-protect claims against Defendants Coley and Cooper, Defendants affirm that there is no incident report or medical record reflecting any assaults on Plaintiff either by other prisoners or by correctional staff. They further assert there are no reports containing or otherwise reflecting complaints filed by Plaintiff indicating he was in any danger at the hands of others or that he wished to be placed on protective custody.

In his opposition Plaintiff contends for the first time that he was subject to three separate assaults from other prisoners as a result of Coley and Cooper's actions. He states that in the first instance he was "physically slapped in the face;" in the second instance he was "punched in the mouth, neck and stomach;" and in the third instance he was "punched in the jaw and kicked in the buttocks" as a result of Defendant Coley divulging information from Plaintiff's grievance.

A pretrial detainee's failure-to-protect claim may sound under the Due Process Clause. There is no practical difference, however, between the due process standard and the Eighth Amendment protection standards, *i.e.*, substantial risk and deliberate indifference, available to a convicted prisoner. *See Loe v. Armistead*, 582 F.2d 1291, 1294 (4th Cir. 1978). Consequently, to establish a claim of this nature, Plaintiff must satisfy two requirements. First, he "must show that he was incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan,* 511 U.S. 825, 834(1994). Second, as with the conditions of confinement claim, he must show that prison officials acted with a " 'deliberate indifference' to inmate health and safety." *Id*. at 837. *See also*, *Westmoreland v. Brown,* 883 F.Supp. 67, 73-4 (E.D. Va.1995) (applying *Farmer* standard to pretrial detainee's failure to protect claim).

---

[11]   Plaintiff has failed to refute Defendants' assertions that he did not request protection was made as a result of these alleged incidents.

Plaintiff claims that Coley's and Cooper's statements labeled him a snitch and placed his life in danger. His claims are factually deficient. Despite his "eleventh hour" claims that he was slapped, punched, and kicked by other prisoners (seemingly because of Coley's and Cooper's actions), he provides no specific dates or times when these alleged incidents occurred, fails to identify his assailants, and does not allege he was hurt and attempted to obtain medical care as a result of these assaults. The Court finds that Plaintiff has failed to articulate a failure-to-protect claim against Coley and Cooper.[11]

For these reasons, a separate order shall be entered granting summary judgment in favor of all Defendants regarding Plaintiff's claims surrounding disciplinary procedures, job removal, grievance review, and retaliation and granting summary judgment in favor of Defendants Ray, Filbert, McCoy, Williams, Maynard, Jones, and Taylor as to Plaintiff's failure to protect claims. The failure-to-protect claims against Defendants Coley and Cooper are dismissed without prejudice.

Date: October 12, 2007                         /s/
                                               William D. Quarles, Jr.
                                               United States District Judge

---

[12] The Court notes that Plaintiff's failure-to-protect allegations are factually deficient even after the filing of a complaint, amended complaint, and opposition.